FILED

2023 Jul-17  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA


## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLES K. FLEMING,** ) | |
| **JAMES HOWARD DUPREE, &** ) | |
| **ERIC WILLINGHAM** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 5:22-CV-00891-LCB** |
| ) | |
| **JEFFREY LYASH, CEO,** ) | |
| **TENNESEE VALLEY AUTHORITY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION & ORDER

Three individual plaintiffs—Willingham, Fleming, and Dupree—brought suit together in this Court; they each seek recovery from Tennessee Valley Authority (TVA) on a slew of federal law claims for alleged employment discrimination. Before the Court now is TVA's motion (Doc. 7) for dismissal—or, in the alternative, for transfer—of all claims asserted by plaintiffs Fleming and Dupree, on improper-venue grounds.[1] On December 27, 2022, the Court stayed these proceedings pending resolution of TVA's motion, and this Order lifts that stay. (*See* Doc. 14.)

---

[1] In that same motion, TVA seeks Rule 12(b)(6) dismissal of any remaining claims asserted under § 1981, § 1982, and the Equal Pay Act. (*See* Doc. 8 at 13–14.) The Court does not herein address TVA's Rule 12(b)(6) arguments.

## I.    BACKGROUND

Each of the plaintiffs alleges that TVA discriminated against him on the bases of race and pay; each proceeds pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (amending Title VII by adding compensation-related discrimination to the list of actionable offenses); and the Equal Pay Act, 29 U.S.C. § 206(d).[2]   In addition, both Fleming and Dupree bring claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621; and under 42 U.S.C. § 1982.   Dupree and Willingham both bring claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, as well.   All "causes of action" and, for the most part, all recitations of fact in the complaint are set forth in a manner (substantively and stylistically) individualized for each plaintiff.

It bears noting that these plaintiffs were never co-workers in the colloquial sense.   Willingham is an Alabama resident and former employee at TVA's Browns Ferry Nuclear Plant (BFN) in Athens, Alabama.   (Doc. 1 at 1, 20.)   Fleming and Dupree—both Tennessee residents—complain of conduct related to their employment at TVA's Sequoyah Nuclear Plant (SQN) in Soddy-Daisy, Tennessee,

---

[2] The Court acknowledges, but does not further address, the plaintiffs' concession regarding their Equal Pay Act claims' unsustainability. *See* Doc. 11 at 2 n.1.

and TVA's corporate office in Chattanooga, Tennessee, respectively. (*Id.* at 1, 4, 11, 14.)

On the whole, the facts asserted in support of Fleming's and Dupree's claims relate to Tennessee, not Alabama. The only true exception is Fleming's allegation that he was forced to travel to BFN for certification and outage work and, while there, was given "the unpopular, inflexible and most undesired promotion quality tasks and shifts." (Doc. 1 at 7 ¶¶ 33–36.) In addition, Dupree makes one allegation that is, at least tangentially, related to Alabama: He claims that his superiors attempted to "steer" him to BFN so that they might hire a white employee to fill his position at the Chattanooga office. But Dupree never actually transferred to BFN. (Doc. 1 at 14 ¶ 65(f).)

On these facts, and in light of the venue principles applicable to this employment dispute, TVA moves to dismiss Fleming and Dupree as parties under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer their claims to the Eastern District of Tennessee. (*See* Docs. 7–8, 13.)

## II.    LEGAL STANDARD

### A.    Venue

Rule 12(b)(3) of the Federal Rules of Civil Procedure affords defendants the opportunity to obtain dismissal of claims filed in an "improper" venue. The venue-propriety determination "is generally governed by 28 U.S.C. § 1391" unless

"otherwise provided by *law*." *Atl. Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 55 (2013) (emphasis in original) (quoting the statute).

Title VII is just that sort of law, and claims arising thereunder are subject, exclusively, to a more exacting venue standard, *see* 28 U.S.C. § 2000e–5(f)(3), than that imposed by the general statute. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006). Moreover, where Title VII claims are asserted alongside claims subject to the general venue provision, "the Title VII venue provision controls." *Green v. Pickens Cnty. Sch. Sys.*, 2018 WL 11335575, at *1 (N.D. Ga. Dec. 14, 2018) (quoting *Vincent v. Woods Servs., Inc.*, 2008 WL 939190, at *1 (D.N.J. Apr. 4, 2008)); *accord Sardinas v. CRST Expedited, Inc.*, 2019 WL 13255943, at *1 (S.D. Fla. Nov. 25, 2019) (citing *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664 (D.D.C. 1982)); *Larkin v. Mayorkas*, 2022 WL 4009897, at *2 (N.D. Ga. June 2, 2022), *report and recommendation adopted*, 2022 WL 4009907 (N.D. Ga. June 27, 2022).

More specifically, Title VII suits may be filed in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." *Pinson*, 192 F. App'x at 816–17 (quoting § 2000e–5(f)(3)). The burden of establishing proper venue lies with the plaintiff. *Id.* at 817.

4

A district court in which, for venue purposes, a case has been improperly filed *must* either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even though dismissal is appropriate under the statute, "the interest of justice generally favors transferring a case" so long as a properly situated court does exist. *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 259 (D.D.C. 2013); *accord James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) ("Courts generally favor transfer over dismissal."); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).

### B.     Severance of Claims

A district court has power to "sever any claim against a party." FED. R. CIV. P. 21. Its discretion is "broad." *Buford v. Dunn*, 2021 WL 718507, at *2 (N.D. Ala. 2021) (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). In that vein, the Rule permits severance with an eye toward transferring one of the resulting cases to another venue while retaining jurisdiction over the other. *Id.* (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991) ("[W]here certain claims in an action are properly severed . . . two separate actions result; a district court may transfer one action while retaining jurisdiction over the other.")).

## III.   DISCUSSION

For the forthcoming reasons, the Court finds as follows: (1) Willingham's claims, on the one hand, are to be severed from those of Fleming and Dupree, on the

other; (2) The action encompassing the claims of Fleming and Dupree is due to be transferred to the United States District Court for the Eastern District of Tennessee; and (3) The Court shall retain jurisdiction over Willingham's claims, and Willingham shall file an amended complaint in that case.

## A.     Venue

All are in agreement that Fleming and Dupree *could* have filed their claims in the Eastern District of Tennessee.[3] The parties *disagree*, however, about whether this Court is likewise a proper venue for adjudication of those claims. For the forthcoming reasons, the Court is in agreement with TVA.

Fleming was assigned to SQN, and Dupree only worked in TVA's Chattanooga corporate office complex. (Doc. 1 ¶¶ 12, 65(f).)  The facts asserted by Fleming and Dupree are, accordingly, almost entirely devoid of any reference to the State of Alabama and, instead, relate to alleged discrimination that occurred exclusively within Tennessee. Dupree makes no allegation that he ever worked in Alabama at all or otherwise reported to supervisors here; he alleges only that he was offered an opportunity to relocate to Alabama. But Dupree *never actually moved to BFN.* (*See id.* at 14 ¶ 65(f).) Fleming, for his part, did travel to BFN for certification

---

[3] *See* Doc. 11 at 5 n.2 ("If the court decides to transfer the Dupree and Fleming actions, then the plaintiffs agree that the Eastern District of Tennessee would be the appropriate venue.") Accordingly, the court need not address § 2000e–5(f)(3)'s fallback provision, which provides that if no venue is proper under any of its first three venue provisions, the action may be brought in the district encompassing the employer's principle place of business.

and outage work, where he claims to have been discriminatorily assigned the most "unpopular" of the "promotion quality" duties. (*Id.* at 7 ¶¶ 34–35.) But on those facts, Fleming has failed to carry his burden of establishing that venue is proper in this Court.

Fleming does not allege any facts that, even taken as true, show he suffered any legally cognizable discrimination within the state. Unlawful discrimination under Title VII generally requires identification of an "adverse employment action"—*i.e.*, a significant change in employment status, including "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Gibson v. Valley Avenue Drive-In Restaurants, LLC*, 2013 WL 6794986, at *6 (N.D. Ala. 2013). Fleming's allegation that he received "the unpopular, inflexible and most undesired promotion quality tasks and shifts" on his trip to BFN does not, as a matter of law, indicate the existence of any adverse employment action and, thus, is of no use in Fleming's quest to recover for unlawful discrimination.

Fleming separately asserts that Title VII's second venue provision—the provision regarding the employer's records—allows his action to be brought in this Court.[4] There is a reasonable expectation, he argues, that BFN would have

---

[4] Plaintiffs make no meaningful argument regarding the records related to discrimination allegedly suffered by Dupree, but as an employee at the Chattanooga office, it is only reasonable to believe

employment records relating to his receipt of "unpopular" work assignments at BFN. (*See* Doc. 11 at 7.) But the statute permits suit in the district housing "the employment records *relevant to such practice*"—*i.e.*, relevant to discrimination in employment. 42 U.S.C. § 2000e–5(f)(3) (emphasis added); *see also, e.g.*, *Amirmokri v. Abraham*, 217 F. Supp. 2d 88, 90–91 (D.D.C. 2002). As the Court has already made clear, neither Fleming nor Dupree makes any mention of an adverse employment action to which they were subjected in Alabama, much less anything indicating that their employment records are maintained in Alabama.

In sum: Fleming's and Dupree's claims are not properly before this Court and, accordingly, must either be dismissed or be transferred. *See* 28 U.S.C. § 1406(a).

## B.    Transfer

Having found that the Eastern District of Tennessee is the exclusive district in which the claims of Fleming and Dupree could have been brought, the Court must decide whether justice calls for their transfer. *See* 28 U.S.C. § 1406(a). To reiterate, "the standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it—thus preserving a [plaintiff's] ability to obtain review." *Gyamfi v. Acosta*, 2018 WL 3928994, at *2 (N.D. Ala. Aug. 16, 2018) (quoting *Nat'l Wildlife Fed. v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001)).

---

that his relevant employment records would be located there, and there exists no reason before this Court to believe that such records might be located in Alabama.

The Court finds that the interest of justice weighs heavily in favor transferring the claims of Fleming and Dupree to the Eastern District of Tennessee, where the alleged discrimination occurred. Notwithstanding the delays inherently associated with an improper choice of venue, Fleming and Dupree have already suffered considerable delay as a result of the Court's decision to grant TVA's motion for a temporary stay of the case. The Court finds that any additional delay—namely, dismissal and refiling—would undermine, rather than promote, justice. Nothing suggests that deviation from the general rule favoring transfer is appropriate in this case.

### C.    Severance of Claims

As TVA concedes, this Court is a proper venue for adjudication of Willingham's claims.[5] Moreover, the Eastern District of Tennessee is an improper venue for Willingham's purposes, as his allegations relate entirely to employment in Alabama. Thus, the Court is left with two options: (1) dismiss the claims of Fleming and Dupree, which the Court has already deemed an unjust course of action; or (2) sever their claims from Willingham's for purposes of effectuating their transfer to the Eastern District of Tennessee, the exclusive district in which they may permissibly be litigated. Needless to say, the Court opts in favor of the latter.

---

[5] *See generally* Doc. 8.

## IV.   CONCLUSION

The Court **LIFTS** the stay on these proceedings and, for the foregoing reasons, **SEVERS** Willingham's claims from the remainder of this action; the Clerk of Court is accordingly directed to create a new case for *Willingham v. Tennessee Valley Authority* and directly assign it to the undersigned. The action encompassing the claims of Fleming and Dupree is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee. Additionally, the Court **ORDERS** Willingham to file an amended complaint in this Court.

**DONE** and **ORDERED** July 17, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE